By the Court,

Savage, Ch. J.
It was undoubtedly competent to have proved the partnership of all these defendants by general reputation, but pro bably no such reputation could be shown as to Samuel Rathbone. The prin cipal question is, whether the articles of copartnership were sufficiently proved, as respects Samuel Rathbone.
Where a sealed instrument is attested by a subscribing witness, the testimony of such witness is the best evidence of its execution. If the subscribing wit *100 ness is not produced, his absence must be sufficiently accounted for: as that he is dead, or cannot be found, after diligent inquiry; or that he resides #out of the state, and is beyond the reach of the process of the court, &c. 2 Stark. Ev. 337. 1 Phil. Ev. 419. In such case, proof of the hand writing of the subscribing witness proves the execution of the instrument. 1 Phil. Ev. 420. 5 Cowen, 485, 9 id. 148. 2 Stark. Ev. 341, 2, n. 1. Such is the rule in this state, but it is different in some of the other states ; and some of the English cases say, that in addition to the proof of the hand writing of the witness, proof should also be given of the hand writing of the party. 2 Stark, Ev. 342. 1 Bos. and Pull. 300. If the hand writing of the subscribing wit ness cannot be proved, after proper dilligence has been used for that purpose, the' party must then resort to the same testimony as if there had been no subscribing witness ; the hand writing of the party executing the instrument may be proved by any one acquainted with it. In this ease, the execution of the instrument was sufficiently proved, if, under the circumstances, enough was done to prove the hand writing of the absent subscribing witness. It must be conceded, I think, that the plaintiff had procured a witness who would be most likely to know the hand writing of the absent subscribing witness. If his own brother could not prove his hand writing, the court was justified in assuming that it could not be proved, and in receiving evidence of the hand writing of the party.
Assuming the partnership of the defendants to have been proved, as I think it was, then there can be no doubt of the plaintiff’s right to recover. The indebtedness accrued during the existence of the partnership. And though one partner cannot bind his copartner by a note, after the dissoluion of the partnership, yet he may liquidate a previous account. By doing so, he does not create a debt; that was previously in existence. I am therefore of opinion that a new trial must be denied.